FORM B104  (08/07)                                                         2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐  Check if this case involves a substantive issue of state law | ☐  Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐  Check if a jury trial is demanded in complaint | Demand  $ |

Other Relief Sought

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| /s/ Barry Fagan |

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number<br><br><br><br><br><br><br>*Attorney for Plaintiff* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: | CHAPTER _____ |
|---|---|
| | CASE NUMBER |
| Debtor. | ADVERSARY NUMBER |
| vs.                                    Plaintiff(s),<br><br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:**              **Time:**              **Courtroom:**              **Floor:** | |
| ❑  **255 East Temple Street, Los Angeles** | ❑  **411 West Fourth Street, Santa Ana** |
| ❑  **21041 Burbank Boulevard, Woodland Hills** | ❑  **1415 State Street, Santa Barbara** |
| ❑  **3420 Twelfth Street, Riverside** | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By:  _____
                              *Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*                                                                                                                    **F 7004-1**

Summons and Notice of Status Conference - *Page 2*

**F 7004-1**

| In re | CHAPTER _____ |
|---|---|
| Debtor. | CASE NUMBER |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1. I am employed in the County of _____, State of California.  I am over the age of 18 and not a party to the within action.  My business address is as follows:

2. ❑ **Regular Mail Service:** On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3. ❑ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:

❑ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____
*Type Name*

_____
*Signature*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*Revised December 1998 (COA-SA)*

**F 7004-1**

1 | GLOBAL CAPITAL LAW, PC
GARY HARRE, ESQ. (BAR NO. 86398)
2 | DIANE BEALL, ESQ. (BAR NO. 86877)
BARRY FAGAN, ESQ. (BAR NO. 160104)
3 | 17612 Beach Blvd., Ste 8
Huntington Beach, CA 92647
4 | TELEPHONE: (714) 907-4182
FACSIMILE:   (714) 907-4175
5 | Email: ghcmecf@gmail.com

6

Attorney for Plaintiff, ELIZABETH ANN KENTON

7

8 | **UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
9 | **LOS ANGELES DIVISION**

10

11

| | |
|---|---|
| In re | ) **CASE NO. 1:10-BK-23767-VK** |
| | ) |
| ELIZABETH ANN KENTON | ) |
| | ) |
| _____ | ) |
| ELIZABETH ANN KENTON, an Individual. | ) **ADVERSARY PROCEEDING** |
| | ) |
| Plaintiff, | ) **ADV. NO.: _____** |
| | ) |
| -vs.- | ) |
| | ) **COMPLAINT TO DETERMINE THE** |
| BANK OF AMERICA, N.A.; WELLS FARGO | ) **NATURE, EXTENT AND VALIDITY** |
| BANK N.A. F/K/A WELLS FARGO BANK | ) **OF LIEN AND TO DISALLOW** |
| MINNESOTA, N. A., as Trustee of BANK OF | ) **SECURED CLAIM, TILA VIOLATION,** |
| AMERICAN SECURITIES INC. | ) **FRAUD, LIBEL, QUIET TILE, AND** |
| ALTERNATIVE LOAN TRUST 2003-2; | ) **INJUNCTIVE RELIEF.** |
| FLORIDA DEFAULT LAW GROUP, P.I.; and | ) |
| all persons claiming by, through, or under such | ) |
| person, all persons unknown, claiming any legal | ) |
| or equitable right, title, estate, lien, or interest in | ) |
| the property described in the complaint adverse | ) |
| to Plaintiff's title thereto; and DOES 1-100, | ) |
| Inclusive; | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____ | ) |

26 |     COMES NOW debtor and plaintiff ELIZABETH ANN KENTON herein, ("Plaintiff" or

27 | "KENTON"), and respectfully allege the following:

28

1.     This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2.     This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3.     This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

4.     The Chapter 7 Trustee has filed an abandonment of all claims by the bankruptcy estate and Debtor is now free to pursue this adversary proceeding.

## PARTIES

5.    6.     Plaintiff is an individual, and debtor of the within captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 29, 2010 ("the Bankruptcy Case") in the Central District of California Case, San Fernando Valley Division Number: 1:10-bk-23767-VK.

6.     Plaintiff is an individual having standing to bring this action pursuant to 11 U.S.C. 323. 1302 and 1330.

7.     Plaintiff is and at all times mentioned herein is the owner and purchaser of real property (hereinafter referred to as "SUBJECT PROPERTY"") and more particularly described at 1138 Manitoba Street, Deltona, Florida 32725 or as:

PARCEL:

LOT 20, BLOCK 271, DELTONA LAKES UNIT SEVEN, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN THE MAP BOOK 25, AT PAGES 149 THROUGH 152, OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA. BEING THE SAME PROPERTY CONVEYED TO ELIZABETH ANN KENTON, A SINGLE WOMAN BY DEED FOR THE SECRETARY OF VETERANS AFFAIRS, AN OFFICER OF THE UNITED STATES OF

AMERICA, RECORDED 09/22/1994 IN DEED BOOK 3952 PAGE 1279. [TAX KEY NUMBER: 8130-07-34-0200.

8.      Bank of America, N.A. ("Bank of America") is an indirect wholly-owned subsidiary of Bank of America Corporation. Bank of America is engaged in a general commercial banking business, offering a full range of commercial, corporate, international, financial and retail banking services to corporations, governments and individuals. Bank of America's headquarters and its executive offices are located at 101 South Tryon Street, Charlotte, North Carolina 28255, and the telephone number is (704) 386-5478.

9.      Bank of America N. A. is subject to regulation, supervision and examination by the Office of the Comptroller of the Currency. Bank of America N.A. is the alleged represented lender, and servicer under a purported Mortgage loan # 6752360633 dated November 21, 2002 and filed on 02/11/2003 as Instrument # 2003-030914, BOOK: 5014, PAGE: 3649 in the Volusia County, Florida County Records and attached as Exhibit #1.

10.     Wells Fargo Bank Minnesota, N.A., as Trustee [Bank of American Securities Inc. Alternative Loan Trust 2003-2, under the pooling and servicing agreement dated 3-25- 2003], was a National Bank with its principal place of business located at 9062 Old Annapolis Road Columbia, MD 21045.

11.     Wells Fargo Bank Minnesota, N.A. was previously doing business as, and change to do business as Wells Fargo Bank N. A. After 2006. Wells Fargo Bank N.A. as Trustee [Bank of American Securities Inc. Alternative Loan Trust 2003-2, under the pooling and servicing agreement dated 3-25-2003] is located at 1360 Irvine Bvld. Irvine, California 92620.

12.     No assignment of Plaintiff's Mortgage by the cut off date of March 1, 2003 into any Bank of America Alternative Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 exists. Nor did any exist prior to the filing of a 2010 "Wild Deed" done purposely for papering record mistakes for a Judicial Foreclosure Court File in Florida.

13.     This maneuver was done with the sole purpose to wrongfully foreclose on the "Property" and was apparently signed and witnessed on September 15, 2010 in Dallas County, Texas and is attached as Exhibit #2.

14.    The Bank of America Alternative Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 with the cut-off date of March 1, 2003 (hereinafter "ALT 2003-2") is a Mortgage Backed Securities Trust formed under New York Trust Laws and at the time of formation included.

> Depositor: Bank of America Mortgage Securities, Inc.
> Issuer: Bank of America Alternative Loan Trust 2003-2 (the "Trust")
> Seller: Bank of America, N.A.
> Trustee: Wells Fargo Bank Minnesota N.A.

15.    Florida Default Law Group, P. I. list P. O. Box 25018 Tampa, Florida 33622-5018 as a mailing address. Florida Default Law Group is current being investigated by the Florida Attorney General's Office as Case Number: L10-3-1095.

> Subject of investigation: Florida Default Law Group, PL and Michael Echevarria
> 9119 Corporate Lake Drive, Suite 300, Tampa, Florida 33634
> Law Firm, Foreclosures

Allegation or issue being investigated:

> Appears to be fabricating and/or presenting false and misleading documents in foreclosure cases. These documents have been presented in court before judges as actual assignments of mortgages and have later been shown to be legally inadequate and/or insufficient. Presenting faulty bank paperwork due to the mortgage crisis in thousands of foreclosures per month. This firm is one of the largest foreclosure firms in the State. This firm appears to be one of Docx, LLC f/k/a Lender Processing Services' clients, who this office is also investigating. AG unit handling case: Economic Crimes Division in Ft. Lauderdale, Florida.

16.    During the periods of 2006 and 2007, "Bank of America" sought to sell home equity loans by means of securitization transactions. One of these transactions was called Bank of America Alternative Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 with the cut-off date of March 1, 2003 (hereinafter "ALT 2003-2") it is believed and alleged that Plaintiff's note may have been placed into this trust over 7 years after the cutoff date for such trust, as no assignment has been recorded to confirm this prior to the fabricated assignment of the Mortgage by Florida Default Law Group on or about September 15, 2010. Such transfer is VOID by strict New York Trust Laws which govern such a Mortgage Backed Security.

17.    "Bank of America N.A." served as the Master Servicer for the "ALT 2003-2" as well as the "Seller" and Bank of America Mortgage Securities, Inc., served as the Depositor for the "2007-

HSA2" true sale. The sale was needed to qualify for the tax benefits of a REMIC transaction. This transaction was beneficial for the investors and helped to fuel massive securitization transactions such as "ALT 2003-2".

18.     ALT 2003-2" was issued on March 25, 2003. The ALT 2003-2 mortgage pool consisted of the "Mortgage Pool" which consisted of two loan groups ("Loan Group 1" and "Loan Group 2" and each a "Loan Group") of fixed-rate, conventional, fully-amortizing mortgage loans (the "Group 1 Mortgage Loans" and "Group 2 Mortgage Loans" and collectively, the "Mortgage Loans") secured by first liens on one- to four-family properties. All of the Mortgage Loans were originated or acquired by Bank of America, N.A., which is an affiliate of the Depositor and the Underwriter. In addition, certain of the Mortgage Loans were originated using underwriting standards that are different from, and in certain respects less stringent than, the general underwriting standards of Bank of America. The "Cut-Off Date" was March 1, 2003. The offering size was $598,219,809. The Securities and Exchange file number is 333-101500, and the 425 B Prospectus Offering Documents are Form 424B5 - Prospectus [Rule 424(b)(5)] SEC Accession No. 0000950109-03-001581which was filed on 3- 25-2003.

19.     The Defendants herein named as "all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiffs title thereto" (hereinafter referred to as "the unknown defendants") are unknown to Plaintiffs. These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title; and their claims, and each of them, constitute a cloud on Plaintiffs title to that property.

20.     Plaintiff is ignorant of the true names and capacities of "Defendants" sued herein as "DOES" 1 through 150, and therefore sue these "Defendants" by such fictitious names Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

//

//

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### PLAINTIFF'S STYLED "MORTGAGE, ASSIGNMENT & NOTE"

21. On or about November 21, 2003, Debtor, Elizabeth Ann Keaton, ("Plaintiff"), as a single woman executed a mortgage with a promissory note (the "Note") for $ 94,400.00 payable to Bank of America N.A. (hereinafter "BAC").  *See* Request for Judicial Notice, Exhibit "**1**".

22. This styled Mortgage Note was recorded on February 11, 2003 in the land records of Volusia County, Florida as Volusia Recorder Doc. # 2003-030914.  *See Id.*

23. On September 15, 2010, BAC as a deceitful maneuver purposely assigned this mortgage to Wells Fargo Bank N.A. F/K/A Wells Fargo Bank Minnesota, N. A. as the Trustee for "ALT 2003-2" and in contravention of New York Trust Laws which governs this alleged Trust. Such transfer is VOID. Any trust formed in 2003 would need to be assigned in 2003 or the latest 2004. Such assignment in 2010 is VOID as matter of law and was fraudulently created for the purpose of foreclosure.

24. Additionally no Corporate Seal is affixed to such document as required by Florida Law. An ongoing investigation by Plaintiff is being undertaken to uncover the extent of such deceitful filing done to enrich such Defendant at the expense of this Plaintiff.

25. Florida Default Law Group initiated fraudulent judicial foreclosure using a purport Promissory Note with blank endorsement executed by "William L. Craig Assistant Vice President" of "BAC" apparently assigning "BAC'S" interest without recourse to "NO ONE"[1]. *See* Request for Judicial Notice, Exhibit "**2**".

26. The Pooling and Servicing agreement requires that such note be endorsed within 30 days after being placed into the 'ALT 2003-2" Trust. Therefore the endorsement should be acknowledged and endorsed into the name of "Wells Fargo Bank Minnesota" as Trustee of the [Bank of American Securities Inc. Alternative Loan Trust 2003-2, under the pooling and servicing agreement dated 3-25-2003]. It is apparent that this Mortgage never made it into

---

[1] A true and correct copy of the endorsed note manufactured by Florida Default Law Group included in the summons from the State of Florida to be heard in the Circuit/County Court in and for Volusia County, Florida as Case No: 2010 13579 CIDL as <u>Wells Fargo Bank N.A. etc. vs. Elizabeth Ann Kenton, et. al.</u> dated September 30, 2010.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

the trust and as such is deception on this Plaintiff. *See* Request for Judicial Notice, Exhibit "**3**".

27. Such document cannot be enforced by the initial receptor and its purported successors. Enforcement is VOID *ab initio* due to the falsity uttering placed by such agent. "ALT 2003-2" is a private mortgage backed security formed under strict compliance NEW YORK TRUST LAWS.

28. "Wells Fargo Bank N. A.", represents itself as a "Trustee" of the alleged trust ["ALT 2003-2"][although the exact trust has not been confirmed by investigations], is actually a Mortgage Back Security ("MBS") and as "Trustee", holds only "Nominal Legal Title" to represent the trust. No timely or legal assignment to this entity has been done in the land title records to assign the mortgage.

29. Such "MBS" is formed under NEW YORK Trust laws. Such a Trust functioning under such law provides that any transfer to the trust in contravention of the trust documents is VOID, N. Y. ESTATES, POWERS & TRUST LAWS § 7-2.4 (McKinney 2002).

30. Pursuant to the Trust Agreement which governs ["ALT 2003-2"], the "Issuing Entity" was created by the Depositor (Bank of America Mortgage Securities, Inc) and its assets consist of the "Trust". The Issuing Entity has no employees, officers or directors. The transaction by the Depositor into "ALT 2003-2" is a true sale.

31. The Trustee (Wells Fargo Bank Minnesota N. A.), the Depositor (Bank of America N.A.), the Master Servicer (Bank of America N.A.), and the "Custodian of Records", act on behalf of the "Issuing Entity" and may only perform those actions on behalf of the "Issuing Entity" that are specified in the "Trust Agreement", the "Sale and Assignment Agreement", the "Servicing Agreement" and the "Custodial Agreement. Guidelines" and "Trust Agreement-Assignment of Mortgage Loans."

32. Trust documents are explicit in setting forth a method and date for the transfer of the mortgage loans to the trust and in insisting that no party involved in the trust take steps that would endanger the tax status.

33. Securitization divides the "beneficial ownership" of mortgage loans from "legal title" to the loans and from the management of the loans. The ["ALT 2003-2"] (or more precisely its Trustee) holds "legal title" to the loans, and the trust is the "nominal beneficial owner" of the loans. The "Certificate Holders" or Investors in ["ALT 2003-2"] are formally creditors of the trust, "not owners of the loans" held by the "Trust".

34. The economic reality, however, is that the investors are the true beneficial owners as they are entitled to the cash flows from the pools of notes. This design is done to protect the "Investors" from any litigation arising from fraud or misrepresentations.

35. The "Trust" is just a cash pass-through holding entity, rather than an operating company. Moreover, while the "Wells Fargo Bank f/k/a Wells Fargo Bank Minnesota N.A." as Trustee" has "Nominal Title" to the loans for the "Trust"; it is the third party Servicer such as "BAC" that typically exercises legal title in the name of the trustee and deceives many courts including this Court in this country.

36. The economic realities of securitization do not track with its legal formalities; securitization is the apotheosis of legal form over substance, but punctilious respect for formalities is critical for securitization to work.

37. The Servicers, like "Bank of America N.A.", are merely administrative entities governed explicitly by the "Pooling and Servicing Agreement" ("hereinafter "PSA"") formed under New York Trust Laws [New York Trust Law was chosen since the body of law was the greatest] the outline the contractual arrangement of the Parties and how collect the mortgage payments and escrow funds The "ALT 2003-2" has signed up under oath with the Security Exchange Commission ("SEC"), and the Internal Revenue Service ("IRS"), as mortgage asset "pass-through" entities wherein they can never own the mortgage loan assets in "ALT 2003-2".

38. The use of the "SEC" to file as a Mortgage Back Security Trust to qualify as a Real Estate Mortgage Investment Conduit ("REMIC") rather than an ordinary Real Estate Investment Trust ("REIT") was done to entice investors. As long as the "ALT 2003-2" is a qualified

"REMIC", no income tax will be charged to the "ALT 2003-2". This is very favorable to Investors, and helps to fuel the massive volumes of sales for these investment vehicles.

39. Importantly, "Wells Fargo Bank N.A." as "Trustee" and purported in the case at bar, must assigned mortgages and record the investors name as the beneficiaries of the "ALT 2003-2" in the year "Closed" 2003. In this circumstance there should be no endorsed in Blank document without recourse. In matter of fact there are many cases where there is recourse in which the originators such as Bank of America must take back fraudulent loans. This maneuver was performed in a way to protect the investors from recourse. The designs of such trusts are flagrantly flawed and have nearly collapsed the United States Economy and furthermore may collapse "Bank of America N.A." as only time will tell.

40. Every mortgage assignments into the "MBS" [ALT 2003-2] should be publicly recorded in the County where the property is located [Volusia County Florida as the case at bar]. It is to include an assignment in the name of the "Trust" ["Bank of American Securities Inc. Alternative Loan Trust 2003-2, under the pooling and servicing agreement dated 3-25-2003."]. Plaintiff's "Deed of Trust Assignment" would have had been publicly recorded in the year 2003.

41. Under New York statutory law, any action undertaken by a trust that is not within the authorized powers of a trust is void. In the context of mortgage securitization trusts, the trust agreements ("PSA") expressly limit the trustees' authority to adherence with the provisions of the I.R.S. R.E.M.I.C. Code, mortgage securitization trusts are not authorized to operate in violation of the I.R.S. R.E.M.I.C. Code.

42. "ALT 2003-2" is a Real Estate Mortgage Investment Conduit ("REMIC"). A "REMIC" is a tax favored pass-through trust with strict rules. A qualified mortgage must be purchased by the REMIC within 3 months of the "Cut-Off Date" for the Loan Trust. IRC § 860G(a)(3)(A)(i)-(ii) (2006). If it is contributed after this window, it must qualify as a "qualified replacement mortgage." IRC § 860G (A)(4)(A)-(B)(2006).

43. A "qualified replacement mortgage" must be traded for a defective obligation and may not be conducted more than two years after the startup date. 26 U.S.C. 860G (a)(4)(B)(ii)(2006).

44. As "Trustee" for the Issuing Entity, "Wells Fargo Bank N.A." lacked the power to acquire or take assignment of any mortgage outside of the 3 month period following the "REMIC Cut-Off Date" of 3-1-2003.

45. Plaintiffs mortgage, purportedly assigned to the Loan Trust after this period, is a "Prohibited Transaction" which jeopardizes the favorable tax status accorded a REMIC. This transaction is in contradiction to the "PSA" formed under the New York Trust Laws and is therefore VOID.

46. Any Assignment, submitted now is "ultra vires". In this scenario, even if the foreclosing entity produces a copy of a note, or even an alleged original, the mortgage loan was not conveyed into the trust under the strict New York Trust Law requirements of the "SEC" filed documents for the trust or the "REMIC" requirements of the "IRS". Consequentially, the end result would be that the required ["ALT 2003-2"] asset, or any part thereof (mortgage note or security interest), would not have been legally transferred to the trust to allow the trust to ever even be considered a "holder" of a mortgage loan.

## FIRST CLAIM FOR RELIEF
### [Declaratory Relief to Determine an Interest in Property]
### [F.R.B.P 7001(2) and 7001(9)]

47. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though set forth at length herein.

48. Plaintiff alleges that he holds an interest in the Property free and clear of any interest of defendants, in that the lien evidenced by the "Deed of Trust" and its subsequent assignments has no value since it is wholly 'unsecured', and that accordingly, the "Mortgage" is 'null and void'.

49.  Plaintiff is informed and believes that Defendants allege that the "Mortgage "cannot be determined to be 'null and void' because it is secured by the Property which is Plaintiffs principal residence and is not wholly unsecured.

50. Plaintiff is informed and believes and thereon alleges that Defendants dispute the contention alleged herein.

51. An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the "Subject Property".

52. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Court determines the nature and extent and validity of Defendants' interest in the real property located at 1139 Manitoba Street Deltona, Florida 32725.

2.    That the Court determines that the amount of the lien secured by the "Mortgage" described herein is zero;

3.    That the Court determines that the claim owed to the legal Note-holder by Plaintiff is wholly unsecured;

4.    That the Court determines that the "Mortgage" is null and void;

5.    For attorney fees and costs of suit incurred herein; and

6.    For such other and further relief as the court deems just and proper.

### SECOND CLAIM FOR RELIEF
[Declaratory Relief to Determine Status of Claim]
[11 U.S.C. § 506 and F.R.B.P 7001]

53. Plaintiff re-alleges and incorporates the allegations contained the preceding paragraphs as though set forth at length herein.

54. Plaintiff alleges that the lien evidenced by the "Mortgage" has no value since it is wholly unsecured; that the legal "Note-holder's" claim is not allowable as a secured claim, and that accordingly, the "Mortgage" and its subsequent assignments are null and void.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

55. Plaintiff is informed and believes that "Wells Fargo Bank N.A. as Trustee" alleges the "Mortgage" cannot be determined to be null and void because it is secured by the Property which is Plaintiffs principal residence and is not wholly unsecured.

56. Plaintiff is informed and believes and thereon alleges that "Wells Fargo Bank N.A. as Trustee" disputes the contention alleged herein.

57. An actual controversy exists between Plaintiff and "Wells Fargo Bank N.A. as Trustee" with regard to the status of its claim as secured, unsecured or void.

58. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether "Wells Fargo Bank N.A. as Trustee" claim against Plaintiff shall be allowable as secured or unsecured.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Court determines the nature and extent and validity of Defendants' interest in the real property located at 1139 Manitoba Street Deltona, Florida 32725;

2.    That the Court determines that the amount of the lien secured by the "Mortgage" is zero;

3.    That the Court determines that the claim owed to "Wells Fargo Bank N.A. as Trustee" by Plaintiffs is wholly `unsecured';

4.    That the Court determines that the subordinate "Mortgage" is null and void;

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the court deems just and proper.

### THIRD CLAIM FOR RELIEF
[As to Defendant Bank of America N.A.]
[15 U.S.C. § 1641(g)]

59. Plaintiff re-alleges and incorporate the allegations contained in the preceding paragraphs as though set forth at length herein.

60. On or about September 15, 2010, according to "BAC'S" own records "BAC" purportedly assigned the "Mortgage" to Defendant "Wells Fargo Bank as Trustee" of "ALT 2003-2.

61. In May 2009, "The Helping Families Save Their Homes Act of 2009" was enacted into law that calls for notice to the consumer when a "mortgage loan" is transferred or assigned. The provision was effective immediately and violations are subject to Truth and Lending Act ("hereinafter "TILA"") liability.

62. 15 U.S.C. § 1641 was amended by adding at the end the following:

> (g) NOTICE OF NEW CREDITOR
> (1) IN GENERAL.- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including
> (A)    The identity, address, telephone number of the new creditor;
> (B)    The date of transfer;
> (C)    How to reach an agent or party having authority to act on behalf of the new creditor;
> (D)    The location of the place where transfer of ownership of the debt is recorded; and
> (E)    Any other relevant information regarding the new creditor.

63. From the record, it appears that "Wells Fargo Bank N.A. as Trustee" of "ALT 2003-2 became the new owner or assignee on September 15, 2010.

64. To date, Plaintiff has not received any notice as required by 15 U.S.C. § 1641(g).

WHEREFORE, Plaintiff prays for judgment against Defendant "BAC" as follows:

1.  Statutory damage in the amount of $4,000.00;

2.  For attorney fee and costs of suit incurred herein; and

3.  For such other and further relief as the court deems just and proper.\

**FOURTH CLAIM FOR RELIEF**
[As to All Defendants]
[Fraud in Conveyance]

65. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though set forth at length herein.

66. "BAC" purportedly assigned the "Mortgage", together with "Note" to "Wells Fargo Bank N.A. as Trustee" on or about September 15, 2010.

67. "BAC", fraudulently acted and conspired with Florida Default Law group to record a public document which would assign property rights without the right and privilege to do so, and

in doing so knowingly conspired without the right and privilege to do so as beneficiary under the "Mortgage" as the note would have already been assigned to the "ALT 2003-2" in 2003.

68. Upon information and belief, Plaintiffs therefore allege that neither "Wells Fargo Bank Minnesota N.A." nor "Wells Fargo Bank N.A." paid any consideration for the "Promissory Note". Assuming *Arguendo* that if "ALT 2003-2" purchased the "Promissory Note" in 2003 and the investors paid "BAC", such assignment would constitute fraudulent conveyance.

69. All Defendants mentioned herein participated in the fraud by processing falsified assignments of the "Mortgage".

70. "BAC" and Florida Default Law Group falsely represented to Plaintiff that they received valid assignment of "Mortgage" and enforceable endorsement of the "Promissory Note" to procure payments from Plaintiff that they were not entitle to receive.

71. The representations made by said Defendants were in fact false. The true facts were that "BAC" could not act to assign "Mortgage". In fact, "BAC" had no interest in the "Promissory Note" and could not assign or enforce the "Promissory Note".

72. Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions alleged herein, was ignorant of the falsity of the Defendants' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to make payments to these Defendants when they were not entitled to such money.

73. The aforementioned conducts of the Defendants were intentional misrepresentation, deceit, or concealment of material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

//

**FIFTH CLAIM FOR RELIEF**

[As to All Defendants and All Persons Claiming by,
Through, or Under Such Person, All Persons Unknown, Claiming Any Legal
Or Equitable Right, Title, Estate, Lien, or Interest in the Property
Described in the Complaint Adverse to Plaintiffs' Title Thereto and DOES 1-150]
[LIBEL]

74. Plaintiffs re-allege and incorporate the allegations contained in the preceding as though set
forth at length herein.

75. The conduct of Defendants constitutes libel that tends to defame, disparage, and injure
Plaintiff in his business and reputation and has also caused pain and suffering.

76. Such libel has occurred on a continuing basis from approximately September 15, 2010
through the present.

77. As a result of Defendants' acts and omissions, Plaintiffs have been injured in an amount yet
to be ascertained.

78. The conduct of these Defendants as alleged herein was willful, fraudulent, malicious, and
oppressive. As a result, Plaintiffs request an award of punitive damages.

**SIXTH CLAIM FOR RELIEF**

[All Persons Claiming by,
Through, or Under Such Person, All Persons Unknown, Claiming Any Legal
Or Equitable Right, Title, Estate, Lien, or Interest in the Property
Described in the Complaint Adverse to Plaintiffs' Title Thereto and DOES 1-150]
[QUIET TITLE]

79. Plaintiff re-alleges and incorporates the allegations contained in the preceding as though set
forth at length herein.

80. Plaintiff is the owner of the 1138 Manitoba Street Deltona, Florida 32725, real property
now held by the Plaintiffs' estate.

81. The basis of Plaintiffs title is a deed granting [Grant Deed] the above-described property in
fee simple to Plaintiff.

82. Plaintiff is informed and believes and on such information and belief alleges that
Defendants and DOES 1-150 and all persons claiming, by, through, or under such person,
all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in
the property described in the Complaint adverse to Plaintiffs' title thereto, claim an interest

adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust against the subject property.

83. The styled "Mortgage" was recorded on February, 2006 in the Official Records of the County of Volusia, State of Florida as document number 2003-030914.  Some of the Defendants and unknown defendants, specifically those additionally designated as DOES1-150, inclusive claim interests in the property adverse to Plaintiffs as assignees and successors of Defendants.

WHEREFORE, Plaintiff is seeking to quiet title as of a date to be determined; For attorney fees and costs of suit incurred herein; and,

For such other and further relief as the court deems just and proper.

DATED: 1/28/2011                                    Respectfully Submitted;


GARY HARRE, ESQ. (BAR NO. 86398)
DIANE BEALL, ESQ. (BAR NO. 86877)
BARRY FAGAN, ESQ. (BAR NO. 160104)
Attorneys for Debtor

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.