1  SANFORD P. SHATZ (State Bar No. 127229)
   sps@severson.com
2  YARON SHAHAM (State Bar No. 217192)
   ys@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  The Atrium
   19100 Von Karman Ave., Suite 700
5  Irvine, CA  92612
   Telephone:  (949) 442-7110
6  Facsimile:   (949) 442-7118

7  MARK JOSEPH KENNEY (State Bar No. 87345)
   SEVERSON & WERSON
8  A Professional Corporation
   One Embarcadero Center, Suite 2600
9  San Francisco, CA  94111
   Telephone:  (415) 398-3344
10 Facsimile:   (415) 956-0439

   Attorneys for Defendants
11 BANK OF AMERICA, N.A. and WELLS FARGO BANK, N.A., F/K/A WELLS
   FARGO BANK MINNESOTA, N.A., AS TRUSTEE FOR THE CERTIFICATE
12 HOLDERS OF BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-2,
   MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-2 (erroneously sued
13 as Wells Fargo Bank N.A. F/K/A Wells Fargo Bank Minnesota, N.A., as Trustee of the
   Banc of American Securities Inc. Alternative Loan Trust 2003-2)
14

15              UNITED STATES BANKRUPTCY COURT

16         CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| 17  In re | Case No.: 1:10-BK-23767-VK |
| 18  ELIZABETH ANN KENTON | Adv. No.: 1:11-ap-01048-VK |
| 19  ELIZABETH ANN KENTON, an Individual, | DEFENDANTS BANK OF AMERICA, N.A.'S AND WELLS FARGO BANK N.A. F/K/A WELLS FARGO BANK MINNESOTA, N. A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-2 NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| 20  Plaintiff, | |
| 21  vs. | |
| 22  BANK OF AMERICA, N.A.; WELLS FARGO BANK N.A. F/K/A WELLS FARGO BANK MINNESOTA, N. A., as Trustee of BANK OF AMERICAN SECURITIES INC. ALTERNATIVE LOAN TRUST 2003-2; FLORIDA DEFAULT LAW GROUP, P.I.; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-100, Inclusive, | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | Date:  April 27, 2011 |
| 28  Defendants. | Time:  2:30 p.m. <br> Ctrm:  301 |

10597/0209/897725.1                                    Motion to Dismiss
Case No.: 1:10-BK-23767-VK; Adv. No.: 1:11-ap-01048-VK

|  |  |
|---|---|
| 1 | **TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY** |
| 2 | **JUDGE, PLAINTIFF, HER COUNSEL OF RECORD, THE CLERK OF THE COURT,** |
| 3 | **AND ALL OTHER INTERESTED PARTIES:** |
| 4 | PLEASE TAKE NOTICE that on **Wednesday, April 27, 2011, at 2:30 p.m.**, or as soon |
| 5 | thereafter as counsel may be heard in Courtroom 301 of the above-entitled Court, located at |
| 6 | 21041 Burbank Boulevard, Woodland Hills, California 91367, Defendants Bank of America, |
| 7 | N.A. ("BoA") and Wells Fargo Bank, N.A. F/K/A Wells Fargo Bank Minnesota, N.A., as Trustee |
| 8 | for the Certificate Holders of Banc of America Alternative Loan Trust 2003-2, Mortgage Pass- |
| 9 | Through Certificates, Series 2003-2 ("Wells Fargo") (collectively, "Defendants") will and hereby |
| 10 | do move to dismiss the adversary complaint ("Complaint") filed by Plaintiff Elizabeth Kenton |
| 11 | ("Plaintiff") or, in the alternative, to transfer the adversary proceeding to the United States |
| 12 | Bankruptcy Court for the Middle District of Florida. |
| 13 | This motion is made under Federal Rule of Civil Procedure 12(b)(6), made applicable to |
| 14 | bankruptcy proceedings by Bankruptcy Rule 7012, on the ground that the Complaint fails to state |
| 15 | a claim upon which relief may be granted. In addition, the motion is made under Federal Rule of |
| 16 | Civil Procedure 12(b)(3), made applicable to bankruptcy proceedings by Bankruptcy Rule 7012, |
| 17 | on the ground that the Complaint is improperly venued. The motion is based on this notice of |
| 18 | motion, the accompanying memorandum of points and authorities, request for judicial notice, |
| 19 | Complaint and all other papers on file in this action. |
| 20 | **Pursuant to Local Bankruptcy Rule 9013-1(f), if any party wishes to oppose this** |
| 21 | **motion, a written response must be filed with the Bankruptcy Court and a copy of it served** |
| 22 | **upon the Defendants or Defendants' attorney at the address set forth above no less than** |
| 23 | **fourteen (14) days prior to the above hearing date. If you fail to file a written response to** |
| 24 |  |
| 25 |  |
| 26 |  |
| 27 |  |
| 28 |  |

- 1 -

1  this motion within such a time period, the Court may treat such failure as a waiver of your

2  right to oppose the motion and may grant the requested relief.

3

4  DATED: March 14, 2011                    SEVERSON & WERSON
                                            A Professional Corporation
5

6
                                            By: /s/ Yaron Shaham
7                                              SANFORD P. SHATZ
                                               YARON SHAHAM
8
                                            Attorneys for Defendants
9                                           BANK OF AMERICA, N.A. and WELLS
                                            FARGO BANK, N.A., F/K/A WELLS FARGO
10                                          BANK MINNESOTA, N.A., AS TRUSTEE FOR
                                            THE CERTIFICATE HOLDERS OF BANC OF
11                                          AMERICA ALTERNATIVE LOAN TRUST
                                            2003-2, MORTGAGE PASS-THROUGH
12                                          CERTIFICATES, SERIES 2003-2 (erroneously
                                            sued as Wells Fargo Bank N.A. F/K/A Wells
13                                          Fargo Bank Minnesota, N.A., as Trustee of the
                                            Banc of American Securities Inc. Alternative Loan
14                                          Trust 2003-2)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In her Complaint, Plaintiff Elizabeth Kenton ("Plaintiff") alleges an improper assignment of a mortgage occurred which causes said mortgage to be null and void. In addition, Plaintiff alleges the foreclosure actions of defendants concerning the real property located at 1139 Manitoba Street, Deltona, Florida 32725 ("Subject Property") are improper. Based on the allegations in Plaintiff's Complaint, she is seeking the recovery of monetary damages and equitable relief.

Plaintiff has failed to state any causes of action against Defendants Bank of America, N.A. ("BoA") and Wells Fargo Bank, N.A. F/K/A Wells Fargo Bank Minnesota, N.A., as Trustee for the Certificate Holders of Banc of America Alternative Loan Trust 2003-2, Mortgage Pass-Through Certificates, Series 2003-2 ("Wells Fargo") (collectively, "Defendants"). Plaintiff relies on improper authority to support her Declaratory Relief causes of action and no dispute is in existence. Plaintiff's Truth in Lending Act claim does not apply to BoA. Her Fraud in Conveyance claim does not set forth the required specificity. In addition, her Libel claim is baseless. It is not clear whether her Quiet Title claim applies to Defendants or not. Finally, since this matter involves Florida real property and applies Florida foreclosure laws, this adversary proceeding should be transferred to the United States Bankruptcy Court, Middle District of Florida.

## II.

## FACTUAL BACKGROUND

In September 1994, Plaintiff obtained title to the Subject Property from the Secretary of Veteran Affairs, an Officer of the United States of America. (Defendants' Request for Judicial Notice ("RJN"), Exhibit A.)

On or about November 21, 2002, Plaintiff obtained a loan from BoA in the amount of $94,400.00 (the "Subject Loan"). The Subject Loan was secured by a Mortgage recorded with the Volusia County, Florida Recorder's Office on February 11, 2003. (Defendants' RJN, Exhibit B, Plaintiff's Complaint ¶¶ 21 and 22.)

- 1 -

1      In September 2010, BoA assigned its interest in the Mortgage to Wells Fargo. (Defendants' RJN, Exhibit C.)[1]

     In light of Plaintiff's default on the Subject Loan, Wells Fargo initiated a judicial foreclosure proceeding on September 29, 2010, before the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida, which was assigned case number 2010 13579 CIDL (the "Florida Lawsuit"). In addition to filing the Florida Lawsuit, Wells Fargo also recorded a Notice of Lis Pendens with the Volusia County, Florida Recorder's Office on October 1, 2010. (Defendants' RJN, Exhibit D.)

     A month after the Florida Lawsuit, Plaintiff filed her voluntary Chapter 7 bankruptcy petition with this Court. Plaintiff's adversary complaint ("Complaint") was filed on January 28, 2011.[2]

## III.

## LEGAL STANDARD

     A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claim or claims stated in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As such, the court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. *Id.* Therefore, a Rule 12(b)(6) motion is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "[A] complaint must contain enough factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 570).

     Although facts properly alleged must be construed most favorably to plaintiff, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to

---

[1] Plaintiff's Request for Judicial Notice, Exhibit 2, purports to contain a copy of the Assignment of Mortgage; however, Plaintiff's version is not recorded with the Volusia County, Florida Recorder's Office.

[2] Paragraph 26 of the Complaint refers to Exhibit 3 of Plaintiff's Request for Judicial Notice; however, the Request for Judicial Notice on file by Plaintiff does not contain an Exhibit 3.

-2-

dismiss." *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir.) (citation omitted). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Also, "it is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss." *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

A transfer of venue for adversary proceedings is governed by 28 U.S.C. § 1412, which states, "a district court may transfer a…proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also In re Geauga Trenching Corp.*, 110 BR 638, 653 (BK ED NY 1990) (use of district court has been held to incorporate bankruptcy courts through general order of reference and because change of venue is a core matter). Courts consider the following factors in determining whether to transfer venue of an adversary proceeding: (i) Plaintiff's choice of forum, (ii) Defendant's forum preference, (iii) Whether the claim arose in another forum, (iv) Location of books and records or need to view the premises, (iv) Convenience of the parties and their relative physical location and financial condition, (v) convenience of the witnesses, (vi) Enforceability of the judgment; (vii) Practical considerations that would make the trial easy, expeditious or inexpensive, (viii) Relative administrative difficulty in either forum resulting from congestion of the courts' dockets, (ix) Public policies of the forums, (x) Judge's familiarity with the applicable state law, and (xi) Local interest in deciding local controversies. *In re Hechinger Investment Co. of Delaware, Inc.*, 296 BR 323, 25-326 (BK DE Dist. 2003).

### IV.

### PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF AGAINST DEFENDANTS WITHIN HER FIRST AND SECOND CAUSES OF ACTION

A complaint for declaratory relief is sufficient "if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument… and requests that the rights and duties of the parties be adjudged by the

- 3 -

court." *Ludgate Ins. Co. v. Lockheed Martin Corp.*, 82 Cal.App.4th 592, 605 (2002). "The actual, present controversy must be pleaded specifically and the facts of the respective claims concerning the [underlying] subject must be given." *City of Cotati v. Cashman*, 20 Cal.App.4th 69, 80 (2002). The availability of another form of adequate relief justifies denial of declaratory relief. *C.J.L. Const., Inc. v. Universal Plumbing*, 18 Cal.App.4th 376, 390 (1993). A declaratory relief action will not lie to determine issues raised in other causes of action before the court as "the object of the [declaratory relief] statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *California Ins. Guar. Ass'n v. Sup. Ct. (Jakes)*, 231 Cal.App.3d 1617, 1623-1624 (1991).

### A.    Plaintiff's First Cause of Action for Declaratory Relief

Plaintiff seeks a declaration determining the nature and extent of Defendants' interest in the Subject Property. (Complaint, ¶ 52.) However, the title records as evidenced in Defendants' RJN makes indisputable title is still held by Plaintiff, and the Mortgage was assigned to Wells Fargo. Florida statutory law regarding assignments of mortgages reinforces the principle that an assignee of a mortgage receives all rights of its assignor. *See* FLA. STAT. § 701.01. Section 701.01 provides that an assignee of a mortgage "may lawfully have, take and pursue **the same means and remedies** which the mortgagee may lawfully have, take or pursue for the foreclosure of a mortgage and for the recovery of the money secured thereby." *Id.* (emphasis added). If Plaintiff disputes Wells Fargo's interest in the Subject Property, the proper forum to do so is in the Florida Lawsuit where Florida law will be applied, in contrast to this Bankruptcy Court, which applies California law. Based thereon, Defendants' Motion to Dismiss Plaintiff's Declaratory Relief cause of action should be granted without leave to amend.

### B.    Plaintiff's Second Cause of Action for Declaratory Relief

Plaintiff seeks a declaration determining whether Wells Fargo has a secured or unsecured claim. (Complaint, ¶ 58.) Plaintiff's basis for her second cause of action are FRBP 7001 and 11 U.S.C. § 506. Plaintiff fails to specify which section of FRBP 7001 supports her second cause of action. Defendants should not be required to answer Plaintiff's Complaint when it is unclear which statutory authority forms the basis of Plaintiff's second cause of action. Section 506

- 4 -

1 determines the amount of a secured claim, but does not govern the actual allowance or
2 disallowance of a claim. In fact, a review of Plaintiff's Schedule D shows Plaintiff does not list
3 the secured claim as contingent, unliquidated, or disputed. (Defendants' RJN, Exhibit E.)
4 Plaintiff does not dispute whether a secured claim exists. Plaintiff has improperly relied on
5 Section 506 and vaguely refers to FRBP 7001 in an effort to form the legal foundation for her
6 Declaratory Relief cause of action. Based thereon, Defendants' Motion to Dismiss Plaintiff's
7 Declaratory Relief cause of action should be granted without leave to amend.

## V.

## PLAINTIFF FAILS TO STATE A CLAIM FOR A VIOLATION OF 15 U.S.C. § 1641(g) AGAINST DEFENDANT BANK OF AMERICA, N.A.

Plaintiff's third cause of action does not apply to Bank of America as it is not "owner or assignee of the debt." 15 U.S.C. § 1641(g). As can be seen in Defendants' RJN, Exhibit C, the owner or assignee of the debt is Wells Fargo, not BoA. BoA cannot, nor does it have to, comply with 15 U.S.C. § 1641(g). Based thereon, Defendants' Motion to Dismiss Plaintiff's third cause of action should be granted without leave to amend.

## VI.

## PLAINTIFF FAILS TO STATE A CLAIM FOR FRAUD IN CONVEYANCE AGAINST DEFENDANTS

Under Fed. R. Civ. P. 9(b), "[i]n alleging fraud ..., a party must state with particularity the circumstances constituting fraud ...." To satisfy Rule 9(b)'s standard, the complaint must allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading." *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc)); *see also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation."). In a fraud action against a corporation, the complaint must "allege the names of the persons who made the allegedly fraudulent

- 5 -

representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Saldate v. Wilshire Credit Corp.*, 2010 WL 624445 (E.D. Cal. 2010), quoting *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

The complaint must also "set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *In Re Glenfed, Inc. Securities Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).

Plaintiff's Complaint fails to set forth the time, place, and specific content of what the respective Defendants misrepresented to Plaintiff. Additionally, the Complaint does not allege the names of the persons at the respective Defendants who make the alleged misrepresentations, their authority to speak, for whom they spoke, and what was said. Defendants cannot reasonably be expected to formulate a response to Plaintiff's unspecified and vague allegations within her Fraud cause of action. Plaintiff has failed to meet the heightened pleading requirements for a Fraud cause of action before this Court. Thus, Defendants' Motion to Dismiss Plaintiff's Fraud in Conveyance claim should be dismissed without leave to amend.

## VII.

### PLAINTIFF FAILS TO STATE A CLAIM FOR LIBEL AGAINST DEFENDANTS

Plaintiff's fifth cause of action fails since she fails to allege the recorded Assignment of Mortgage is false or how she has been injured. According to California Civil Code § 45, "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Here, Plaintiff fails to plead the recorded Assignment of Mortgage is false, because it is true. It is indisputable that BoA assigned its interest in the Mortgage to Wells Fargo. (Defendants' RJN, Exhibit C.) In addition, Plaintiff fails to plead how she was exposed to any sort of "hatred, contempt, ridicule, or obloquy" or how she has been "shunned or avoided," or injured in her occupation. Thus, Defendants' Motion to Dismiss Plaintiff's Libel claim should be granted without leave to amend.

- 6 -

## VIII.

## PLAINTIFF FAILS TO STATE A QUIET TITLE CLAIM AGAINST DEFENDANTS

Defendants include a section within their Motion to Dismiss as to Plaintiff's Quiet Title cause of action in an abundance of caution because it is unclear if this cause of action applies to them. According to Plaintiff's Complaint, Page 15, Lines 16 – 18, this cause of action applies to "All Persons Claiming by, Through, or Under Such person, All Persons Known, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title Thereto and Does 1 – 150." Plaintiff fails to specify whether this cause of action applies to Defendants.

If said cause of action does apply to Defendants, Plaintiff has not pled a Quiet Title cause of action against Defendants. A quiet title claim is a dispute between two parties as to which owns the property at issue – it is not an action in which a secured party is foreclosing on an unpaid loan. It is not possible for BoA to comply with a Quiet Title judgment against it since it assigned its interest in the mortgage to Wells Fargo. (Defendants' RJN, Exhibit C.) In addition, since this Court must apply California law, it is black letter law that a borrower cannot "quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci*, 39 Cal.App.3d 475, 477 (1974). Tender of the amount owing on the loan is a prerequisite to *any* claim in which plaintiff challenges or seeks to enjoin a foreclosure sale. *Arnold Management Corp. v. Eischen*, 158 Cal.App.3d 575, 579 (1984) ("A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender."). "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971); citations omitted.

Plaintiff has not alleged she repaid the debt, nor does she allege either an ability or a willingness to do so. Accordingly, Plaintiff has failed to allege a cause of action for Quiet Title, and Defendants' Motion to Dismiss should be granted without leave to amend.

## IX.

## ALTERNATIVELY, THIS COURT SHOULD TRANSFER VENUE TO THE UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OF FLORIDA

This is a case involving a property in Florida where Florida law applies, and the case should be heard in the State of Florida.[3] This case arose in Florida and the legal issues center around Florida, not California, law. Specifically, whether Florida's foreclosure laws were followed by Defendants. In addition, the recorded documents and Florida Lawsuit are in Florida. Furthermore, if Plaintiff were to obtain a judgment, she would have to get it recognized in Florida before she would be able to enforce it against Defendants. There are also practical considerations at play here. In light of the strong Florida legal issues in this case, it will be difficult for counsel (both Plaintiff and Defendants), and possibly the Court itself, to successfully try and determine the Florida legal issues in this case as it does not appear counsel or the Court are well versed in Florida legal matters. Based thereon, and, in the alternative, this Court should grant Defendants' motion to transfer venue to the United States Bankruptcy Court, Middle District of Florida.

DATED: March 14, 2011

SEVERSON & WERSON
A Professional Corporation

By: /s/ Yaron Shaham
SANFORD P. SHATZ
YARON SHAHAM

Attorneys for Defendants
BANK OF AMERICA, N.A. and WELLS FARGO BANK, N.A., F/K/A WELLS FARGO BANK MINNESOTA, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-2 (erroneously sued as Wells Fargo Bank N.A. F/K/A Wells Fargo Bank Minnesota, N.A., as Trustee of the Banc of American Securities Inc. Alternative Loan Trust 2003-2)

---

[3] The Subject Property is located in Volusia County, Florida. Volusia County, Florida is located in United States Bankruptcy Court, Middle District of Florida, Jacksonville Division.

- 8 -

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s): **DEFENDANTS BANK OF AMERICA, N.A.'S AND WELLS FARGO BANK N.A. F/K/A WELLS FARGO BANK MINNESOTA, N. A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF BANC OF AMERICA ALTERNATIVE LOAN TRUST 2003-2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-2 NOTICE OF MOTION TO DISMISS AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**, on all interested parties in said case addressed as follows:

| | |
|---|---|
| Gary Harre, Esq.<br>Diane Beall, Esq.<br>Barry Fagan, Esq.<br>GLOBAL CAPITAL LAW, PC<br>17612 Beach Blvd., Suite 8<br>Huntington Beach, CA 92647 | Attorneys for Plaintiff<br>ELIZABETH ANN KENTON<br><br>Telephone: (714) 907-4182<br>Facsimile: (714) 907-4175<br>Email: ghcmecf@gmail.com<br><br>(VIA CM/ECF System) |

☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in Irvine, California, on March 14, 2011.

/s/ Yaron Shaham
Yaron Shaham