GLOBAL CAPITAL LAW, PC
Gary Harre, SBN 86938
Diane Beall, SBN 86877
8700 Warner Avenue, Suite 200
Fountain Valley, CA 92708
Telephone: (714) 907-4182
Facsimile: (714) 907-4175

Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br>ELIZABETH KENTON,<br><br>　　　　Debtor,<br>_____<br><br>ELIZABETH KENTON, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.; WELLS FARGO BANK N.A. F/K/A WELLS FARGO BANK MINNESOTA, N.A. as Trustee of BANK OF AMERICA SECURITIES INC. ALTERNATIVE LOAN TRUST 203-2; FLORIDA DEFAULT LAW GROUP, P.I.; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien r interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-100, inclusive,<br><br>　　　　Defendants. | Case No. 10-bk-23767-VK<br><br>Chapter 13<br><br>Case No. 11-ap-01048-VK<br><br>**PLAINTIFF'S AMENDMENT TO ADVERSARY COMPLAINT TO CORRECT NAME OF DEFENDANT FLORIDA DEFAULT LAW GROUP, P.L.**<br><br>**[FRCP RULE 15]** |

///

## I.

## INTRODUCTION

Elizabeth Ann Kenton ("Plaintiff") hereby files her Amendment to Adversary Complaint to Correct Name of Defendant Florida Default Law Group. P.L. from Florida Default Law Group, P.I. on her original Adversary Complaint that was filed on January 28, 2011 n this action.

Plaintiff has not previously sought leave to amend her Adversary Complaint.  Defendant Florida Default Law Group, P.L. was served correctly as "Florida Default Law Group, P.L." on February 2, 2011 and has not filed any response to Plaintiff's Adversary Complaint as of this date.

## II.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. §1331; §1334(a); §1367; 15 U.S.C. §1692, and 15 U.S.C. § 1640(e).

This is a core proceeding under 28 U.S.C. §157(b)(2)(k) and (O).

Venue is proper in this judicial district pursuant to 28 U.S.C. §1409(a), in that the Adversary Complaint is related to the case under Title 11 of the United States Code, which is before this Court.

This is an action asserting violations of federal statutes commonly known as TILA, RESPA, and Regulation Z and the Fair Debt Collection Practices Act, with additional claims under California law.  These claims all arise out of the same property, controversy and sequence of events.

This Court has jurisdiction over state claims by virtue of pendant jurisdiction.

## III.

## RELEVANT FACTS FOR THIS AMENDMENT

On or about January 28, 2011 Plaintiff filed an Adversary Proceeding complaint to determine the nature, extent and validity of lien and to disallow secured claim, TILA Violations, Fraud, Libel, Quiet Title, and Injunctive Relief.

A status Conference Hearing is scheduled in this case for May 25, 2011.

1  Plaintiff filed her Adversary Complaint against what she intended to be Florida Default Law Group, P.L., however during the initial preparation of Plaintiff's Adversary Complaint a clerical error occurred where Defendant's name was typed as "Florida Default Law Group, P.I." instead of "Florida Default Law Group, P.L."

Unbeknownst to Plaintiff, Defendant Florida Default Law Group, P.L.'s name had been typed incorrectly in the original Caption and in the original Adversary Complaint filed on January 28, 2011.

Plaintiff intended to name "Florida Default Law Group, P.L." instead of "Florida Default Law Group, P.I.", and service of the original complaint was served on February 2, 2011 to the correct Defendant Florida Default Law Group, P.L. at the Defendant's correct address.

Defendant, Florida Default Law Group, P.L. was originally named in the Adversary Complaint as "Florida Default Law Group, P.I.", but was served correctly as "Florida Default Law Group, P.L." on or about February 2, 2011.

No responsive pleading has been received by the Defendant, Florida Default Law Group, P.L. as of this date.

Plaintiff is currently preparing to reserve the original complaint with the correct spelling of Defendant, Florida Default Law Group, P.L.'s name upon the filing of this Amendment to Complaint to Correct Name of Defendant Florida Law Group, P.L. with the Court.

## III.

## **FRCP RULE 15 ALLOWS FOR AMENDED PLEADINGS**

Federal Rules of Civil Procedure ("FRCP") Rule 15(a) instructs the Courts that a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served….Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party. FRCP Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)

///

A Court may grant leave to amend the pleadings where the amendment (1) does not prejudice the opposing party; (2) is not sought in bad faith; (3) does not produce an undue delay in the litigation; or (4) is not futile. *Id*. at 758; *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Texaco, Inc. v. Ponsoldt*, F.2d 794, 799 (9th Cir. 1991) (citing *Jackson*, 902 F.2d at 1388).

This amendment policy is stated in FRCP Rule 15(a), which provides that leave to amend should be freely granted "when justice so requires." Although Rule 15(a) give the trial court discretion over this matter, it has been repeatedly stressed that the Court must remain guided by "the underlying purpose of Rule 15…to facilitate the decision on the merits of the case, rather than on the pleadings or technicalities." *Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987).

As stated above, FRCP Rule 15(a) provides that a trial court shall grant leave to amend freely "when justice so requires", but the Supreme Court has stated that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

FRCP Rule 15 provides that "leave to amend shall be freely given when justice so requires." *FRCP15(a)*. Absent prejudice, or a "strong showing" of the other factors, such as undue delay, bad faith, or dilatory motive, "there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995) (stating that, although the denial of leave to amend after a responsive pleading has been filed is reviewed for an abuse of discretion, "we strictly review such denial in light of the strong policy permitting amendment". Amendments are to be permitted liberally because, as the Supreme Court observed many years ago, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here in this case, there is **no** delay in seeking the amendment; the amendment is **not** sought in bad faith; the amendment **does not** prejudice the opposing party and the amendment is **not** futile.

///

Federal Rules of Civil Procedure Rule 15 sets a permissive standard for amending a Complaint. FRCP Rule 15(a)(1) provides that "a party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading…." *FRCP 15(a)(1)*.

FRCP 15 allows pleadings to be amended or supplemented and a party may amend once before an answer is filed. As stated above and as evidenced in the Court's record, Defendant Florida Default Law Group, P.L. was served correctly on February 2, 2011, has not filed a responsive pleading to Plaintiff's Adversary Complaint, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff is thus permitted to amend her pleading.

## IV.

## **CONCLUSION**

Here, the incorrect spelling of Defendant's name of Florida Default Law Group, P.L. did not prevent proper service of the complaint. Plaintiff served the correct Defendant because they are the alleged culpable party and Plaintiff did not serve the incorrect party Florida Default Law Group, P.I. as indicated on the original complaint, but served the correct party, Florida Default Law Group, P.L. on February 2, 2011 in this case.

As such, since the correct Defendant Florida Default Law Group, P.L. was in fact served with the original complaint, they had notice of this pending action, they may not defeat this action and Plaintiff should be entitled to this amendment.

Based on the above, Plaintiff respectfully requests that this Court amend her Adversary Complaint to correct the Defendant's name of Florida Default Law Group, P.I. to Florida Default Law Group, P.L. in the caption and in the body of the Adversary Complaint filed in this action on January 28, 2011.

Respectfully submitted.

Dated: April 1, 2011                    GLOBAL CAPITAL LAW


           ___/s/  Gary Harre_____
           Gary Harre, Esq.
           Diane J. Beall, Esq.
           Attorneys for Plaintiff Elizabeth Ann Kenton

**PLAINTIFF'S AMENDMENT TO ADVERSARY COMPLAINT TO CORRECT NAME
OF DEFENDANT FLORIDA DEFAULT LAW GROUP, P.L.**
- 5 -

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  8700 Warner Avenue, Suite 200, Fountain Valley, CA 92807

A true and correct copy of the foregoing document described as **Plaintiff's Amendment to Adversary Complaint to Correct Name of Defendant Florida Default Law Group, P.L.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 4, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Gary L Harre    ghcmecf@gmail.com
- Yaron Shaham    ys@severson.com, lbh@severson.com;ldo@severson.com;djl@severson.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Diane Weil (TR)    dcw@dcweillaw.com, dweil@ecf.epiqsystems.com

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 4, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Victoria S. Kaufman
21041 Burbank Blvd., Suite 354
Woodland Hills, CA 91367

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on      I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 4, 2011 | Delores Jackson | /s/  Delores Jackson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |